[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for custody of a minor child named Shawn S. Abbas who was born on April 16, 1998 in the state of Texas. There is a Motion to Dismiss for want of jurisdiction pursuant to the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) which has been codified as Connecticut General Statutes 46b-115 et. seq.
The following facts are found as being relevant to the decision of the court:
The minor child resided with his mother, Nicole Y. Duhaney and his father Richard S. Abbas in the state of Texas for a brief period immediately following his birth. Both parents were in the United States Army at that time. Upon discharge from the Army, the father of said child brought the child to the state of Florida which was the state of his origin. The mother remained in the Army for several months until her own discharge was accomplished. In approximately June of 1998, Ms. Duhaney went to the state of Florida and brought the child to the state of Connecticut. At that time, in Connecticut, the care of the child was provided by the child's mother and the maternal grandmother, Ms. Carole Duhaney.
From June 1998 until approximately July of the year 2001 the child lived primarily in the state of Connecticut. There were at least three visits during that period to the state of Florida varying in length from several weeks to several months. The visits all took place around the winter holidays, generally between November and January. There is evidence to support those findings in the manner of health records having to do with the medical care of the minor child from Community Health Services, Inc., St. Francis Hospital, and the Connecticut Children's Medical Center.
On or about July 2001, the child's mother and the child's paternal grandmother, Mr. Rubina Abbas agreed that the child would be moved to
CT Page 13988
Florida. The mother's testimony was that initially the child was going for the purpose of a visit. That testimony is contradicted by the testimony of Ms. Abbas who indicates that the child was going for the purpose of attending school. In either case, the child was brought to Florida and did stay there. The child was enrolled in school and lived in the state of Florida from July 2001 until July 13, 2002. During that time, the care provided to that child was provided primarily by Mrs. Abbas and to a lesser extent by the father, Richard S. Abbas. The father's claim that the child was living with him in his own home and that he was providing the primary care for the child is not credible. However, there is no question that the child was residing in the state of Florida and was being cared for by the Abbas family. Mrs. Rubina Abbas is found to have been the "person acting as a parent" during this time. C.G.S. 46b-115a (13).
The child was in Florida from July until January, 2002 without any meaningful contact from his mother or his maternal family. The testimony supports the finding that during the year approximately that the child was living in Florida, Mrs. Carole Duhaney spoke to the child perhaps on six occasions by telephone. There was no testimony offered as to Nicole Duhaney's having spoken to the child at all during this time period. There were no visits to the child during this time period by the Duhaney family.
On or about January of 2002 the child's maternal grandmother, Carole Duhaney made contact with the child's paternal grandmother, Rubina Abbas. At that time there was an exchange of phone calls which eventually led to an arrangement that Mr. Carole Duhaney would travel to Florida in order to visit the child, to bring the child back to Connecticut, and eventually to return the child to Florida. Specifically, Carole Duhaney testified that the arrangement she had made with Rubina Abbas was to pick the child up and have the child for approximately 1 1/2 months. Mrs. Abbas testified as to a different time frame but also that the visit with Mrs. Duhaney was to be temporary.
On July 11, 2002, Mr. Carole Duhaney traveled to Florida where she was met by Rubina Abbas. She stayed at the home of Ms. Abbas where the child was residing and returned to the state of Connecticut on July 13. Almost immediately after, Mr. Duhaney returned to the state of Florida with Shawn Abbas and her other grandchildren in order to enjoy a vacation at Disney World. Upon the conclusion of that vacation, she returned to Connecticut. Thereafter, the child was not returned.
This case requires a determination pursuant to Connecticut General Statutes § 46b-115, et. seq. which is the codification of the Uniform
CT Page 13989
Child Custody Jurisdiction and Enforcement Act.
Pursuant to the requirements of the UCCJEA, it is incumbent upon a petitioning party to claim and establish jurisdiction. Jurisdiction can be established in a number of ways, but relevant to this matter are the claims that Connecticut is the "home state" of the child as of the commencement of the action. The UCCJEA defines a home state as "the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceedings . . ." Connecticut General Statutes §46b-115a (7).
As applied to the facts in this matter, Connecticut was not the home state of the minor child under that definition. The child was not physically present in the state of Connecticut from at least July 2001 until July 13, 2002. This matter was presented to this court on August 6, 2002. All of the parties who testified, whether called by the plaintiff or the defendant, were consistent in testifying that the child had lived in Florida during the time period in question.
The second jurisdictional ground provided under the statute allows that a court may have jurisdiction in the event that the state is not the home state of the child but a court of another state does not have jurisdiction and the child and at least one parent or person acting as a parent have a significant connection to the state and there is substantial evidence available in that state. (See Connecticut General Statutes § 46b-115k). This section requires that at least one party to the action be a resident of the state of Connecticut, which is so. However, it also requires that there be a significant connection with the state and that there be substantial evidence available from the state with respect to the child's care, protection, training and relationships. The section must be considered in light of the age of the child. This is a child who was born on April 16, 1998. While the child did spend some of his early years here in the state of Connecticut, he also has spent the last year in the state of Florida. The testimony indicates that the only time he was in school was in the state of Florida. His only medical care in the year immediately preceding the action would have been in the state of Florida.
The court finds that the petitioner has not established jurisdiction under this section.
Finally, there is no allegation or evidence to support a claim under Connecticut General Statutes § 46b-115n, which would allow the court to act in the event of an emergency, the abandonment of the child or
CT Page 13990
abuse, neglect or mistreatment of the child.
In light of the foregoing the motion to dismiss for lack of jurisdiction is hereby granted.
 BY THE COURT ___________________ Antonio C. Robaina, J.
CT Page 13991